UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJ LEON FRAZIER,<br><br>          Plaintiff,<br><br>     v.<br><br>DAREN MATTESON, et al.,<br><br>          Defendants. | Case No. 1:19-cv-00188-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF Nos. 29, 32) |

Plaintiff Semaj Leon Frazier is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 13, 2019, the assigned Magistrate Judge issued findings and recommendations recommending that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (ECF No. 29.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 11.) Following an extension of time, Plaintiff filed written objections to the findings and recommendations on January 8, 2020. (ECF No. 34.)

In his objections, Plaintiff argues that the Heck termination rule does not apply if he is

challenging the constitutionality of the procedures used in reaching his conviction and that he was not previously advised that he had to plead compliance with California's Government Claims Act in order to state a state law negligence claim.  However, the Heck termination rule is applicable to Plaintiff's claims in this § 1983 action because, if Plaintiff succeeded on his claims, Plaintiff's success "would 'necessarily imply' or 'demonstrate' the invalidity of [Plaintiff's] conviction [and] sentence[.]"  Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012).  Further, Plaintiff was advised that he had to plead compliance with California's Government Claims Act in order to state any state law tort claims in the September 24, 2019 order screening Plaintiff's sixth amended complaint.  (ECF No. 22, at 14.)  Moreover, even if Plaintiff had alleged compliance with the Government Claims Act, because Plaintiff has failed to state plausible federal claims, the Court would decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's objections are overruled.

Also, on January 8, 2020, Plaintiff filed a motion to amend the complaint and lodged a proposed eighth amended complaint.  (ECF Nos. 32, 33.)  "[Federal Rule of Civil Procedure] 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  The Ninth Circuit has stated that "this policy is to be applied with extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  Id.  Nevertheless, "[u]ndue delay by itself … is insufficient to justify denying a motion to amend.  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Here, the undersigned has reviewed Plaintiff's lodged eighth amended complaint. Plaintiff was previously notified of the applicable pleading and legal standards and the deficiencies in his pleading in the September 24, 2019 order screening Plaintiff's sixth amended complaint and the December 13, 2019 findings and recommendations screening Plaintiff's seventh amended complaint.  (ECF Nos. 22, 29.)  Despite guidance from the Court, Plaintiff's proposed eighth amended complaint is substantially similar to Plaintiff's sixth and seventh

amended complaints.  As such, the undersigned is persuaded that Plaintiff is unable to allege any additional facts to support his claims, and that further amendment would be futile.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").  Therefore, Plaintiff's motion to amend the complaint is denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, (ECF No. 32), is DENIED;
2. The findings and recommendations issued on December 13, 2019, and filed on December 16, 2019 (ECF No. 29), are adopted in full;
3. This action is dismissed, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   April 30, 2020                              _____
                                                           SENIOR DISTRICT JUDGE