1	On May 14, 2020, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of
2	Civil Procedure 60(b), stating that Plaintiff was presented newly discovered evidence.  (ECF No.
3	37.)  On June 29, 2020, before the Court issued a ruling on the pending motion for
4	reconsideration, Plaintiff filed a motion to strike the prior motion from the record and to grant a
5	new motion pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 38.)
6	Plaintiff states that he filed the first motion for reconsideration due to inadvertence,
7	acknowledges that it does not qualify Plaintiff for the relief sought, and asks that the Court strike
8	that motion.  (Id. at 1.)  Plaintiff requests that the Court grant his new motion that meets the
9	requirements for granting a motion for reconsideration.  (Id.)
10	As the Court has not yet ruled on the first motion for reconsideration, Plaintiff's motion to
11	strike is granted.  Below, the Court will consider only the June 29, 2020 motion for
12	reconsideration.
13	Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
14	district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment
15	on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
16	evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
17	been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
18	Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any
19	event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.
20	Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to
21	show the "new or different facts or circumstances claimed to exist which did not exist or were not
22	shown upon such prior motion, or what other grounds exist for the motion."  Motions to
23	reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825
24	F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).
25	To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court
26	to reverse its prior decision.  See United States v. Westland Water Dist., 134 F. Supp. 2d 1111,
27	1131 (E.D. Cal. 2001),
28	Plaintiff states that his new motion clearly meets the requirements for granting a motion

for reconsideration, specifically that it shows "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion," pursuant to Local Rule 230(j). (ECF No. 38.) The motion then goes on to relate substantive allegations relating to the claims underlying this action. However, the allegations presented in Plaintiff's motion merely repeat the same arguments raised in his objections to the Magistrate Judge's findings and recommendations, and addressed in the April 30, 2020 order adopting. Plaintiff has not met the requirements for demonstrating relief under Rule 60(b)(2) based on newly discovered evidence. See Coastal Transfer Co. v. Toyota Motor Sales, USA, Inc., 833 F.2d 208, 211-12 (9th Cir. 1987). Having considered plaintiff's moving papers, the Court does not find that Plaintiff has presented any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to strike the May 14, 2020 motion for reconsideration, (ECF No. 38), is GRANTED;
2. Plaintiff's May 14, 2020 motion for reconsideration, (ECF No. 37), is STRICKEN;
3. Plaintiff's June 29, 2020 motion for reconsideration, (ECF No. 38), is DENIED; and
4. This action remains closed.

IT IS SO ORDERED.

Dated:   August 10, 2020

SENIOR DISTRICT JUDGE

3